**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| PAUL DOUGLAS BURKE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:07-cv-02335-HHK |
| vs. | ) | |
| | ) | |
| AIR SERV INTERNATIONAL, INC., | ) | **ANSWER AND AFFIRMATIVE** |
| a Florida corporation; LOUIS BERGER | ) | **DEFENSES OF AIR SERV** |
| GROUP; and THE LOUIS BERGER GROUP, | ) | **INTERNATIONAL, INC.** |
| INC., a New Jersey corporation, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
AIR SERV INTERNATIONAL**

Defendant Air Serv International, Inc. (hereinafter "Air Serv"), by and through its

attorneys of record, Eckert Seamans Cherin & Mellot, LLC and Condon & Forsyth LLP, hereby

answers plaintiff Paul Douglas Burke's (hereinafter "Plaintiff") complaint as follows:

**AS TO THE ALLEGATIONS CONCERNING
THE NATURE OF THE ACTION**

1.    Air Serv denies the allegations in paragraph 1 of the complaint, except Air Serv

admits that Plaintiff was working as a security officer on February 22, 2004 and was shot.

2.    Air Serv denies the allegations in paragraph 2 of the complaint.

**AS TO THE ALLEGATIONS CONCERNING
JURISDICTION, VENUE and AMOUNT IN QUESTION**

3.    Air Serv denies the allegations in paragraphs 3 and 4 of the complaint.

4.    Air Serv denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 5 of the complaint and, on this basis, denies the allegations.

5.    Air Serv denies the allegations in paragraph 6 of the complaint, except that Air

Serv admits Air Serv is authorized to do business in the Commonwealth of Virginia and

maintains an office located at 410 Rosedale Ct., Suite 190, Warrenton, Virginia, 20186, and that

Air Serv provides aircraft services under contract to third parties.

6.      Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint and, on this basis, denies the allegations.

7.      Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the complaint and, on this basis, denies the allegations.

8.      Air Serv denies the allegations in paragraph 9 of the complaint, except that Air Serv admits that Air Serv entered into a contract with defendant Louis Berger Group, Inc. ("LBGI") wherein Air Serv agreed to lease and operate two (2) Bell 212 helicopters or similar aircraft for the use of LBGI in Afghanistan, that the contract was entitled "Air Services Contract Between Louis Berger Group and Air Serv International for Afghanistan," that the contract was subsequently amended on October 1, 2003, and that the contract states that "This contract was negotiated in Washington D.C. and the main file with meeting minutes, USAID contracting officer consent, original signed contract and all other back-ups are with the Louis Berger office procurement department in Washington, D.C."

9.      Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint and, on this basis, denies the allegations.

## AS TO THE GENERAL ALLEGATIONS

10.     Air Serv denies the allegations in paragraph 11 of the complaint, except Air Serv admits that as part of its business Air Serv leases aircrafts internationally.

11.     Air Serv denies the allegations in paragraph 12 of the complaint, except Air Serv admits that as part a contract with LBGI and no other party, Air Serv agreed to lease and operate two (2) Bell 212 helicopters for the use of defendant LBGI in Afghanistan, and that certain duties and legal responsibilities were assigned to the contracting parties under Air Serv's contract with LBGI including Schedule 1 to the contract.

12.     Air Serv denies the allegations in paragraph 13 of the complaint, except Air Serv admits that section 6.2 of the contract between Air Serv and LBGI states that, as between Air Serv and LBGI, Air Serv would have the responsibility for "recording in writing and keeping a

file on the terms of all agreements reached with the government and/or other official agencies in the country of operation."

13.    Air Serv denies the allegations in paragraph 14 of the complaint, except Air Serv admits that, as between Air Serv and LBGI, under section 6.3 of the contract between Air Serv and LBGI, Air Serv would have the responsibility for "[a]dministering the flight program, including the management of helicopter crews and related project personnel, and the dispatch of the aircraft to meet Contractor's requirements," that, as between Air Serv and LBGI, under section 6.4 of the contract between Air Serv and LBGI, Air Serv would have the responsibility for "[o]perating the Air Serv aircraft in compliance with the applicable regulations of the Civil Aviation Department of the Host Country, the Country of Registration, and/or other Civil Aviation authority as appropriate," that, as between Air Serv and LBGI, under section 9.10, Schedule 1 of the contract between Air Serv and LBGI, LBGI would have responsibility to provide "[s]ecurity of aircraft and personnel," and that, as between Air Serv and LBGI,  under section 9.11 of Schedule 1 of the contract between Air Serv and LBGI, LBGI would have responsibility to provide "[a]ll necessary security clearances, airport entry/exit passes, radio licenses, operating permissions."

14.    Air Serv denies the allegations in paragraph 15 of the complaint, except Air Serv admits that, as between Air Serv and LBGI,  under section 6.5 of the contract between Air Serv and LBGI, Air Serv would have responsibility for "[e]nsuring insurance coverage is provided for the aircraft for hull damage plus a liability amount for US$20 million per occurrence including war risks coverage.  The Contracting Agency and USAID will be named as additional insured parties."

15.    Air Serv denies the allegations in paragraph 16 of the complaint, except Air Serv admits that, as between Air Serv and LGBI, under section 6.10 of the contract between Air Serv and LBGI, Air Serv would be responsible for "[p]roviding dispatch and radio flight following functions in support of the aircraft operation," and that, as between Air Serv and LBGI, under section 6.8 of the contract between Air Serv and LBGI, Air Serv would be responsible for, *inter*

*alia*, "[r]ecruiting, selecting, and training personnel required to execute the terms of [the] contract."

16.     Air Serv denies the allegations in paragraph 17 of the complaint, except Air Serv admits that under section 9.26 of Schedule 1 of the contract between Air Serv and LBGI, as between Air Serv and LBGI, Air Serv was responsible to "[p]rovide radio watch facility…," that under section 9.28 of Schedule 1 of the contract between Air Serv and LBGI, as between Air Serv and LGBI, LBGI was responsible for providing "[o]perational Base equipment…," and that, as between Air Serv and LGBI, under section 9.29 of Schedule 1 of the contract between Air Serv and LBGI, Air Serv was responsible to "[p]rovide competent and qualified personnel…[.]"

17.     Air Serv denies the allegations in paragraph 18 of the complaint, except Air Serv admits that, as between Air Serv and LBGI, under section 6.11 of the contract between Air Serv and LBGI, Air Serv was responsible for "[e]nsuring the leased aircraft is maintained according to the schedules provided by the aircraft manufacturer and/or applicable rules of the country of registration."

18.     Air Serv denies the allegations in paragraph 19 of the complaint, except Air Serv admits that, as between Air Serv and LBGI, under section 6.6 of the contract between Air Serv and LBGI, Air Serv was responsible for "[p]roviding required technical data and assistance to the Contracting Agency in its performance of Section 7 responsibilities."

19.     Air Serv denies the allegations in paragraph 20 of the complaint, except Air Serv admits that, as between Air Serv and LBGI, under section 9.3 of Schedule 1 of the contract between Air Serv and LBGI, Air Serv was responsible for "[f]light Plans…[.]"

20.      Air Serv denies the allegations in paragraph 21 of the complaint, except Air Serv admits that Air Serv entered into a contract with Pacific Helicopters for the lease of two (2) Bell 212 helicopters, that pilots were supplied by Pacific Helicopters to fly the helicopters, and that the two Bell 212 helicopters were put into service in Afghanistan use of LBGI under LBGI's USAID contract number 306-C-00-02-00500-00.

21.    Air Serv denies the allegations in paragraph 22 of the complaint, except Air Serv admits that Air Serv hired Corliss Zylstra as an Afghanistan/Pakistan County Director .

22.    Air Serv denies the allegations in paragraph 23 of the complaint.

23.    Air Serv denies the allegations in paragraph 24 of the complaint.

24.    Air Serv denies the allegations in paragraph 25 of the complaint.

25.    Air Serv denies the allegations in paragraph 26 of the complaint.

26.    Air Serv denies the allegations in paragraph 27 of the complaint.

27.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the complaint and, on this basis, denies the allegations.

28.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the complaint and, on this basis, denies the allegations.

29.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the complaint and, on this basis, denies the allegations, except that Air Serv admits that contract between LBGI and Air Serv provides that Air Serv would receive an initial payment of US$342,900.00 from LBGI as a security deposit, positioning fee and first month's fixed rate pursuant to a contract between Air Serv and LBGI, and fly minimum monthly hours  having an contract value of US$63,900.00

30.    Air Serv denies the allegations in paragraph 31 of the complaint, except Air Serv admits the contract contains section 9.10 of Schedule 1.

31.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the complaint and, on this basis, denies the allegations, except that Air Serv specifically denies that Air Serv failed to perform any of its contractual obligations to LBGI.

32.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 33 of the complaint and, on this basis, denies the allegations.

33.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the complaint and, on this basis, denies the allegations,

except that Air Serv admits LBGI engaged the services of U.S. Protection and Investigations, LLC to provide security.

34.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the complaint and, on this basis, denies the allegations.

35.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the complaint and, on this basis, denies the allegations.

36.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the complaint and, on this basis, denies the allegations.

37.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the complaint and, on this basis, denies the allegations.

38.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint and, on this basis, denies the allegations.

39.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the complaint and, on this basis, denies the allegations.

40.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the complaint and, on this basis, denies the allegations, except that Air Serv is informed and believes that on or about February 21, 2004 or February 22, 2004, a Bell 212 helicopter provided by Air Serv to LBGI pursuant to a contract between Air Serv and LBGI departed from Kabul and traveled to Kandahar, that the helicopter was piloted by Mark Burdoff, that an individual named Susan Wheeler was on-board, that a man named Tariq was on-board, and that Plaintiff was on-board to provide security.

41.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the complaint and, on this basis, denies the allegations.

42.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the complaint and, on this basis, denies the allegations.

43.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the complaint and, on this basis, denies the allegations.

44.     Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the complaint and, on this basis, denies the allegations.

45.     Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the complaint and, on this basis, denies the allegations.

46.     Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the complaint and, on this basis, denies the allegations.

47.     Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the complaint and, on this basis, denies the allegations.

48.     Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the complaint and, on this basis, denies the allegations.

## AS TO THE ALLEGATIONS CONTAINED
## IN THE FIRST CAUSE OF ACTION
### (Negligence)

49.     Answering paragraph 50 of the complaint, Air Serv repeats, reiterates and realleges each and every answer in paragraphs 1 through 48, inclusive, of this answer with the same force and effect as if set forth at length herein in full.

50.     Air Serv denies the allegations in paragraph 51 of the complaint as they pertain to defendant Air Serv, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 51 of the complaint and, on this basis, denies the allegations.

51.     Air Serv denies the allegations in paragraph 52 of the complaint as they pertain to defendant Air Serv, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 52 of the complaint and, on this basis, denies the allegations.

52.     Air Serv denies the allegations in paragraph 53 of the complaint as they pertain to defendant Air Serv, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 53 of the complaint and, on this basis,

denies the allegations.

53.    Air Serv denies the allegations in paragraph 54 of the complaint as they pertain to defendant Air Serv, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 54 of the complaint and, on this basis, denies the allegations.

54.    Air Serv denies the allegations in paragraph 55 of the complaint as they pertain to defendant Air Serv, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 55 of the complaint and, on this basis, denies the allegations.

55.    Air Serv denies the allegations in paragraph 56 of the complaint as they pertain to defendant Air Serv, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 56 of the complaint and, on this basis, denies the allegations.

56.    Air Serv denies the allegations in paragraph 57 of the complaint.

## AS TO THE ALLEGATIONS CONTAINED
## IN THE SECOND CAUSE OF ACTION
### (Negligent Hiring – 2d Restatement of Torts Section 411)

57.    Answering paragraph 58 of the complaint, Air Serv repeats, reiterates and realleges each and every answer in paragraphs 1 through 56, inclusive, of this answer with the same force and effect as if set forth at length herein in full.

58.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59 of the complaint and, on this basis, denies the allegations.

59.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the complaint and, on this basis, denies the allegations.

60.    Air Serv denies the allegations in paragraph 61 of the complaint.

## AS TO THE ALLEGATIONS CONTAINED
## IN THE THIRD CAUSE OF ACTION
### (Negligent Hiring – 2d Restatement of Torts Section 427 and 427A)

61.    Answering paragraph 62 of the complaint, Air Serv repeats, reiterates and realleges each and every answer in paragraphs 1 through 60, inclusive, of this answer with the same force and effect as if set forth at length herein in full.

62.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 of the complaint and, on this basis, denies the allegations.

63.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64 of the complaint and, on this basis, denies the allegations.

64.    Air Serv denies the allegations in paragraph 65 of the complaint.

## AS TO THE ALLEGATIONS CONTAINED
## IN THE FOURTH CAUSE OF ACTION
### (Negligent Retention of Independent Contractors)

65.    Answering paragraph 66 of the complaint, Air Serv repeats, reiterates and realleges each and every answer in paragraphs 1 through 64, inclusive, of this answer with the same force and effect as if set forth at length herein in full.

66.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 of the complaint and, on this basis, denies the allegations.

67.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68 of the complaint and, on this basis, denies the allegations.

68.    Air Serv denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 of the complaint and, on this basis, denies the allegations.

69.    Air Serv denies the allegations in paragraph 70 of the complaint.

## AS TO THE ALLEGATIONS CONTAINED
## IN THE FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

70.    Answering paragraph 71 of the complaint, Air Serv repeats, reiterates and realleges each and every answer in paragraphs 1 through 69, inclusive, of this answer with the

same force and effect as if set forth at length herein in full.

71.    Air Serv denies the allegations in paragraph 72 of the complaint.

72.    Air Serv denies the allegations in paragraph 73 of the complaint.

## AS TO THE ALLEGATIONS CONTAINED
## IN THE SIXTH CAUSE OF ACTION
**(Punitive Damages)**

73.    Answering paragraph 74 of the complaint, Air Serv repeats, reiterates and realleges each and every answer in paragraphs 1 through 72, inclusive, of this answer with the same force and effect as if set forth at length herein in full.

74.    Air Serv denies the allegations in paragraph 75 of the complaint.

## FIRST AFFIRMATIVE DEFENSE
**(No Duty)**

75.    Defendant Air Serv does not owe any legally recognizable duty to Plaintiff.

## SECOND AFFIRMATIVE DEFENSE
**(Waiver and Estoppel)**

76.    The conduct of Plaintiff bars Plaintiff from any recovery herein based on the doctrine of waiver and/or estoppel.

## THIRD AFFIRMATIVE DEFENSE
**(Full Performance)**

77.    Air Serv has performed all of the terms and conditions of any contracts alleged in the complaint except for those terms and conditions Air Serv was prevented from performing or which may have been waived by the other contracting party.

## FOURTH AFFIRMATIVE DEFENSE
**(Consent / Ratification)**

78.    The conduct of Plaintiff bars Plaintiff from any recovery herein by virtue of the doctrine of consent and/or ratification.

## FIFTH AFFIRMATIVE DEFENSE
**(Contributory Fault/Negligence)**

79.    Plaintiff's alleged damages were caused or contributed to by the negligence or

wrongful acts or omissions of Plaintiff, and any recovery by plaintiff from Air Serv is either barred entirely or reduced, in accordance with applicable law, according to the plaintiff's degree of negligence or fault.

## SIXTH AFFIRMATIVE DEFENSE
### (Nonjusticiable Controversy Under Political Question Doctrine)

80.    The complaint and each and every cause of action therein is barred, in whole or in part, as being nonjusticiable under the political question doctrine, since the complaint pertains to foreign relations and/or foreign policy matters.

## SEVENTH AFFIRMATIVE DEFENSE
### (Conformity With Industry Standards)

81.    The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, because Air Serv's conduct was in conformity with, and was pursuant to statutes, governmental regulations and industry standards based upon the knowledge existing at the time of such conduct.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure To State A Cause of Action)

82.    The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, because Plaintiff has failed to state facts sufficient to constitute a cause of action against this answering defendant.

## NINTH AFFIRMATIVE DEFENSE
### (Proportionate Liability of Others)

83.    Plaintiff's damages, if any, are due to the acts or omissions of persons or entities other than Air Serv; however, in the event a finding is made that liability exists on the part of Air Serv, Air Serv's liability should be reduced in direct proportion to their respective fault of the persons or entities other than Air Serv.

## TENTH AFFIRMATIVE DEFENSE
### (Intervening / Superseding Cause)

84.    The incidents alleged in the complaint, and the damages Plaintiff allegedly sustained by Plaintiff as a result thereof, were caused by an intervening and/or superseding

cause, not caused by Air Serv.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Assumption of the Risk)

85.    The complaint and each and every cause of action alleged in the complaint are

barred, in whole or in part, based on the doctrine of assumption of the risk.

## TWELFTH AFFIRMATIVE DEFENSE
### (Lack of Control)

86.    The incidents and damages alleged in the complaint, if occasioned by fault, are

attributable to the conduct of persons or entities over which Air Serv had no control at any time

relevant hereto.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Release)

87.    Plaintiff is barred from recovering damages, if any, from Air Serv based on

Plaintiff's release or waiver of all claims

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

88.    The complaint and each and every cause of action alleged in the complaint are

barred, in whole or in part, based on the applicable statutes of limitations including, but not

limited to, District of Columbia Code § § 12-301(4) and 12-301(8).

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

89.    The complaint and each and every cause of action alleged in the complaint are

barred, in whole or in part, based on the lack of privity between Plaintiff and Air Serv.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Offset)

90.    Plaintiff's damages, if any, should be barred or reduced based on those amounts

Plaintiff has received to date for the injuries and damages Plaintiff has alleged in Plaintiff's

complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (State-of-the-Art)

91.    The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, because the conduct of Air Serv at and before the time of the incidents alleged, was consistent with the state-of-the-art.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Government Contractors Defense)

92.    The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, because Air Serv is immune from liability for any design defects based on the fact that the incidents alleged occurred during the performance of a procurement contract with the federal government.

## NINTEENTH AFFIRMATIVE DEFENSE
### (Act of War / Terrorism)

93.    The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, since the incidents alleged and damages sustained, if any, were caused solely by an act of war and/or an act of terrorism.

## TWENTIETH AFFIRMATIVE DEFENSE
### (*Forum Non Conveniens*)

94.    Venue is improper in the District of Columbia under the doctrine of *forum non conveniens*.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Special Employer Defense)

95.    Plaintiff's complaint and each cause of action therein is barred because Plaintiff's exclusive remedy is that provided by relevant workers' compensation laws, and in accordance with the "special employment" or "borrowed servant" doctrine.

## RULE 44.1 NOTICE

96.    Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Air Serv hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

WHEREFORE, defendant Air Serv respectfully requests that Plaintiff take nothing by this action against Air Serv, that the action against Air Serv be dismissed with prejudice and that the Court grant to Air Serv costs and other relief as it deems just and proper.

Respectfully submitted,

**ECKERT SEAMANS CHERIN
& MELLOTT, LLC**

_/s/ Thomas J. Whalen_
Thomas Whalen, Esq. (D.C. Bar #208512)
Mark Johnston, Esq. (D.C. Bar #455764)
1747 Pennsylvania Ave., N.W.
Suite 1200
Washington, DC  20006-4604
(202) 659-6600
Fax: (202) 659-6699
twhalen@eckertseamans.com
mjohnston@eckertseamans.com

Of counsel:

Frank A. Silane
(Pro Hac Vice to be filed)
Jennifer J. Johnston
(Pro Hac Vice to be filed)
Christopher B. Queally
(Pro Hac Vice to be filed)
CONDON & FORSYTH LLP
1901 Avenue of the Stars, Suite 850
Los Angeles, CA  90067

Attorneys for Defendants
LOUIS BERGER GROUP, INC. and
THE LOUIS BERGER GROUP, INC.

Dated: June 20, 2008

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing **Answer and Affirmative Defenses of Air Serv International, Inc.,** was electronically filed and served on Paul Douglas Burke this 20th day of June, 2008, via Federal Express delivery to:

Paul Douglas Burke
Via Carlo Emilio Gadda, 95
00143 Rome
Italy
0039 32 84710110

/s/ *Thomas J. Whalen*
Thomas J. Whalen