IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL DOUGLAS BURKE, an individual, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AIR SERV INTERNATIONAL, INC., )<br>a Florida corporation; LOUIS BERGER )<br>GROUP; and THE LOUIS BERGER GROUP, )<br>INC., a New Jersey corporation, )<br>)<br>Defendants. )<br>) | Case No. 1:07-cv-02335-HHK<br><br>**ANSWER AND AFFIRMATIVE**<br>**DEFENSES OF THE LOUIS BERGER**<br>**GROUP, INC.** |

**ANSWER AND AFFIRMATIVE DEFENSES OF THE**
**LOUIS BERGER GROUP, INC.**

Defendant The Louis Berger Group, Inc. (erroneously sued as both Louis Berger Group and The Louis Berger Group, Inc.) (hereinafter "Louis Berger"), by and through its attorneys of record, Eckert Seamans Cherin & Mellott and Condon & Forsyth LLP, hereby answers plaintiff Paul Douglas Burke's (hereinafter "Plaintiff") complaint as follows:

**AS TO THE ALLEGATIONS CONCERNING**
**THE NATURE OF THE ACTION**

1. Louis Berger denies the allegations in paragraph 1 of the complaint, except Louis Berger admits that Plaintiff was working as a security officer on February 22, 2004 and was shot.

2. Louis Berger denies the allegations in paragraph 2 of the complaint.

**AS TO THE ALLEGATIONS CONCERNING**
**JURISDICTION, VENUE and AMOUNT IN QUESTION**

3. Louis Berger denies the allegations in paragraphs 3 and 4 of the complaint.

4. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the complaint and, on this basis, denies the allegations.

5. Louis Berger denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 6 of the complaint and, on this basis, denies the allegations.

6. Louis Berger denies the allegations in paragraph 7 of the complaint, except that Louis Berger admits that The Louis Berger Group, Inc. is a corporation organized and existing under the laws of the State of New Jersey, and maintains an office at 2300 N. Street NW, Washington D.C. 20037 from where Louis Berger engages in negotiation of contracts and where certain USAID contracts are maintained.

7. Louis Berger denies the allegations in paragraph 8 of the complaint, except that Louis Berger admits that The Louis Berger Group, Inc. is a corporation organized and existing under the laws of the State of New Jersey, and maintains an office at 100 Halstead Street, East Orange, New Jersey, that The Louis Berger Group, Inc. engages in the business of engineering consulting, and that The Louis Berger Group, Inc. is registered in the Central Contractor Registry.

8. Louis Berger denies the allegations in paragraph 9 of the complaint, except that Louis Berger admits that Louis Berger entered into a contract with defendant Air Serv International, Inc. (hereinafter "Air Serv") wherein Air Serv agreed to lease and operate two (2) Bell 212 helicopters or similar aircraft for the use of Louis Berger in Afghanistan, that the contract was entitled "Air Services Contract Between Louis Berger Group and Air Serv International for Afghanistan," that the contract was subsequently amended on October 1, 2003, and that the contract states that "This contract was negotiated in Washington D.C. and the main file with meeting minutes, USAID contracting officer consent, original signed contract and all other back-ups are with the Louis Berger office procurement department in Washington, D.C."

9. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the complaint and, on this basis, denies the allegations.

## AS TO THE GENERAL ALLEGATIONS

10. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the complaint and, on this basis, denies the allegations.

11. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint and, on this basis, denies the allegations.

12. Louis Berger denies the allegations in paragraph 13 of the complaint, except Louis Berger admits that section 6.2 of the contract between Louis Berger and Air Serv states that, as between Air Serv and Louis Berger, Air Serv would have the responsibility for "recording in writing and keeping a file on the terms of all agreements reached with the government and/or other official agencies in the country of operation."

13. Louis Berger denies the allegations in paragraph 14 of the complaint, except Louis Berger admits that section 6.3 of the contract between Louis Berger and Air Serv states that, as between Air Serv and Louis Berger, Air Serv would have the responsibility for "[a]dministering the flight program, including the management of helicopter crews and related project personnel, and the dispatch of the aircraft to meet Contractor's requirements," that, as between Air Serv and Louis Berger, under section 6.4 of the contract between Louis Berger and Air Serv, Air Serv would have the responsibility for "[o]perating the Air Serv aircraft in compliance with the applicable regulations of the Civil Aviation Department of the Host Country, the Country of Registration, and/or other Civil Aviation authority as appropriate," that, as between Air Serv and Louis Berger, under section 9.10, Schedule 1 of the contract between Louis Berger and Air Serv, Louis Berger would have the responsibility to provide "[s]ecurity of aircraft and personnel," and that, as between Air Serv and Louis Berger, under section 9.11 of Schedule 1 of the contract between Louis Berger and Air Serv, Louis Berger would have

responsibility to provide "[a]ll necessary security clearances, airport entry/exit passes, radio licenses, operating permissions."

14. Louis Berger denies the allegations in paragraph 15 of the complaint, except Louis Berger admits that, as between Air Serv and Louis Berger, under section 6.5 of the contract between Louis Berger and Air Serv, Air Serv would have responsibility for "[e]nsuring insurance coverage is provided for the aircraft for hull damage plus a liability amount for US$20 million per occurrence including war risks coverage.  The Contracting Agency and USAID will be named as additional insured parties."

15. Louis Berger denies the allegations in paragraph 16 of the complaint, except Louis Berger admits that, as between Air Serv and Louis Berger, under section 6.10 of the contract between Louis Berger and Air Serv, Air Serv would be responsible for "[p]roviding dispatch and radio flight following functions in support of the aircraft operation," and that, as between Air Serv and Louis Berger, under section 6.8 of the contract between Louis Berger and Air Serv, Air Serv would be responsible for, *inter alia*, "[r]ecruiting, selecting, and training personnel required to execute the terms of [the] contract."

16. Louis Berger denies the allegations in paragraph 17 of the complaint, except Louis Berger admits that under section 9.26 of Schedule 1 of the contract between Louis Berger and Air Serv, as between Air Serv and Louis Berger, Air Serv was responsible to "[p]rovide radio watch facility…," that under section 9.28 of Schedule 1 of the contract between Louis Berger and Air Serv, as between Air Serv and Louis Berger, Louis Berger was responsible for providing "[o]perational Base equipment…," and that, as between Air Serv and Louis Berger, under section 9.29 of Schedule 1 of the contract between Louis Berger and Air Serv, Air Serv was responsible to "[p]rovide competent and qualified personnel…[.]"

17. Louis Berger denies the allegations in paragraph 18 of the complaint, except Louis Berger admits that, as between Air Serv and Louis Berger, under section 6.11 of the contract between Louis Berger and Air Serv, Air Serv was responsible for "[e]nsuring the leased aircraft is maintained according to the schedules provided by the aircraft manufacturer and/or applicable rules of the country of registration."

18. Louis Berger denies the allegations in paragraph 19 of the complaint, except Louis Berger admits that, as between Air Serv and Louis Berger, under section 6.6 of the contract between Louis Berger and Air Serv, Air Serv was responsible for "[p]roviding required technical data and assistance to the Contracting Agency in its performance of Section 7 responsibilities."

19. Louis Berger denies the allegations in paragraph 20 of the complaint, except Louis Berger admits that, as between Air Serv and Louis Berger, under section 9.3 of Schedule 1 of the contract between Louis Berger and Air Serv, Air Serv was responsible for "[f]light Plans…[.]"

20. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint and, on this basis, denies the allegations.

21. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint and, on this basis, denies the allegations.

22. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the complaint and, on this basis, denies the allegations.

23. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the complaint and, on this basis, denies the allegations.

24. Louis Berger denies knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 25 of the complaint and, on this basis, denies the allegations.

25.   Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the complaint and, on this basis, denies the allegations.

26.   Louis Berger denies the allegations in paragraph 27 of the complaint.

27.   Louis Berger denies the allegations in paragraph 28 of the complaint, except Louis Berger admits that Louis Berger performed work in Afghanistan under a USAID contract.

28.   Louis Berger denies the allegations in paragraph 29 of the complaint, except Louis Berger admits that Louis Berger offers agricultural management services, architectural, construction and engineering management services, and feasibility and analysis services.

29.   Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the complaint and, on this basis, denies the allegations, except that Louis Berger admits that the contract between Louis Berger and Air Serv states that Air Serv would receive from Louis Berger an initial payment of US$342,900.00 as a security deposit, positioning fee and first month's fixed rate pursuant to a contract between Louis Berger and Air Serv, and that Air Serv would fly minimum monthly hours having a contract value of US$63,900.00.

30.   Louis Berger denies the allegations in paragraph 31 of the complaint, except that Louis Berger admits that the contract contains section 9.10 of Schedule 1.

31.   Louis Berger denies the allegations in paragraph 32 of the complaint.

32.   Louis Berger denies the allegations in paragraph 33 of the complaint.

33.   Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the complaint and, on this basis, denies the allegations, except that Louis Berger admits Louis Berger engaged the services of U.S. Protection and

Investigations, LLC to provide security.

34. Louis Berger denies the allegations in paragraph 35 of the complaint.

35. Louis Berger denies the allegations in paragraph 36 of the complaint.

36. Louis Berger denies the allegations in paragraph 37 of the complaint.

37. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the complaint and, on this basis, denies the allegations.

38. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the complaint and, on this basis, denies the allegations.

39. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the complaint and, on this basis, denies the allegations.

40. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the complaint and, on this basis, denies the allegations, except that Louis Berger is informed and believes that on or about February 21, 2004 or February 22, 2004, a Bell 212 helicopter provided by Air Serv to Louis Berger pursuant to a contract between Air Serv and Louis Berger departed from Kabul and traveled to Kandahar, that the helicopter was piloted by Mark Burdoff, that an individual named Susan Wheeler was on-board, that a man named Tariq was on-board, and that Plaintiff was on-board to provide security.

41. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the complaint and, on this basis, denies the allegations.

42. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the complaint and, on this basis, denies the allegations.

43. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the complaint and, on this basis, denies the allegations.

44. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the complaint and, on this basis, denies the allegations.

45. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the complaint and, on this basis, denies the allegations.

46. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the complaint and, on this basis, denies the allegations.

47. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the complaint and, on this basis, denies the allegations.

48. Louis Berger denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the complaint and, on this basis, denies the allegations.

**AS TO THE ALLEGATIONS CONTAINED**
**IN THE FIRST CAUSE OF ACTION**
(Negligence)

49. Answering paragraph 50 of the complaint, Louis Berger repeats, reiterates and realleges each and every answer in paragraphs 1 through 48, inclusive, of this answer with the same force and effect as if set forth at length herein in full.

50. Louis Berger denies the allegations in paragraph 51 of the complaint as they pertain to defendant Louis Berger, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 51 of the complaint and, on this basis, denies the allegations.

51. Louis Berger denies the allegations in paragraph 52 of the complaint as they pertain to defendant Louis Berger, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 52 of the complaint and, on this basis, denies the allegations.

52. Louis Berger denies the allegations in paragraph 53 of the complaint as they pertain to defendant Louis Berger, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 53 of the complaint and, on this basis, denies the allegations.

53. Louis Berger denies the allegations in paragraph 54 of the complaint as they pertain to defendant Louis Berger, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 54 of the complaint and, on this basis, denies the allegations.

54. Louis Berger denies the allegations in paragraph 55 of the complaint as they pertain to defendant Louis Berger, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 55 of the complaint and, on this basis, denies the allegations.

55. Louis Berger denies the allegations in paragraph 56 of the complaint as they pertain to defendant Louis Berger, and denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 56 of the complaint and, on this basis, denies the allegations.

56. Louis Berger denies the allegations in paragraph 57 of the complaint.

**AS TO THE ALLEGATIONS CONTAINED
IN THE SECOND CAUSE OF ACTION**
(Negligent Hiring – 2d Restatement of Torts Section 411)

57. Answering paragraph 58 of the complaint, Louis Berger repeats, reiterates and realleges each and every answer in paragraphs 1 through 56, inclusive, of this answer with the same force and effect as if set forth at length herein in full.

58. Louis Berger denies the allegations in paragraph 59 of the complaint.

59. Louis Berger denies the allegations in paragraph 60 of the complaint.

60. Louis Berger denies the allegations in paragraph 61 of the complaint.

**AS TO THE ALLEGATIONS CONTAINED**
**IN THE THIRD CAUSE OF ACTION**
**(Negligent Hiring – 2d Restatement of Torts Section 427 and 427A)**

61. Answering paragraph 62 of the complaint, Louis Berger repeats, reiterates and realleges each and every answer in paragraphs 1 through 60, inclusive, of this answer with the same force and effect as if set forth at length herein in full.

62. Louis Berger denies the allegations in paragraph 63 of the complaint.

63. Louis Berger denies the allegations in paragraph 64 of the complaint.

64. Louis Berger denies the allegations in paragraph 65 of the complaint.

**AS TO THE ALLEGATIONS CONTAINED**
**IN THE FOURTH CAUSE OF ACTION**
**(Negligent Retention of Independent Contractors)**

65. Answering paragraph 66 of the complaint, Louis Berger repeats, reiterates and realleges each and every answer in paragraphs 1 through 64, inclusive, of this answer with the same force and effect as if set forth at length herein in full.

66. Louis Berger denies the allegations in paragraph 67 of the complaint.

67. Louis Berger denies the allegations in paragraph 68 of the complaint.

68. Louis Berger denies the allegations in paragraph 69 of the complaint.

69. Louis Berger denies the allegations in paragraph 70 of the complaint.

**AS TO THE ALLEGATIONS CONTAINED**
**IN THE FIFTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**

70. Answering paragraph 71 of the complaint, Louis Berger repeats, reiterates and realleges each and every answer in paragraphs 1 through 69, inclusive, of this answer with the

same force and effect as if set forth at length herein in full.

71. Louis Berger denies the allegations in paragraph 72 of the complaint.

72. Louis Berger denies the allegations in paragraph 73 of the complaint.

### AS TO THE ALLEGATIONS CONTAINED IN THE SIXTH CAUSE OF ACTION
(Punitive Damages)

73. Answering paragraph 74 of the complaint, Louis Berger repeats, reiterates and realleges each and every answer in paragraphs 1 through 72, inclusive, of this answer with the same force and effect as if set forth at length herein in full.

74. Louis Berger denies the allegations in paragraph 75 of the complaint.

### FIRST AFFIRMATIVE DEFENSE
(No Duty)

75. Defendant Louis Berger does not owe any legally recognizable duty to Plaintiff.

### SECOND AFFIRMATIVE DEFENSE
(Waiver and Estoppel)

76. The conduct of Plaintiff bars Plaintiff from any recovery herein based on the doctrine of waiver and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE
(Full Performance)

77. Louis Berger has performed all of the terms and conditions of any contracts alleged in the complaint except for those terms and conditions Louis Berger was prevented from performing or which may have been waived by the other contracting party.

### FOURTH AFFIRMATIVE DEFENSE
### (Consent / Ratification)

78.     The conduct of Plaintiff bars Plaintiff from any recovery herein by virtue of the doctrine of consent and/or ratification.

### FIFTH AFFIRMATIVE DEFENSE
### (Contributory Fault/Negligence)

79.     Plaintiff's alleged damages were caused or contributed to by the negligence or wrongful acts or omissions of Plaintiff, and any recovery by plaintiff from Louis Berger is either barred entirely or reduced, in accordance with applicable law, according to the plaintiff's degree of negligence or fault.

### SIXTH AFFIRMATIVE DEFENSE
### (Nonjusticiable Controversy Under Political Question Doctrine)

80.     The complaint and each and every cause of action therein is barred, in whole or in part, as being nonjusticiable under the political question doctrine, since the complaint pertains to foreign relations and/or foreign policy matters.

### SEVENTH AFFIRMATIVE DEFENSE
### (Conformity With Industry Standards)

81.     The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, because Louis Berger's conduct was in conformity with, and was pursuant to statutes, governmental regulations and industry standards based upon the knowledge existing at the time of such conduct.

### EIGHTH AFFIRMATIVE DEFENSE
### (Failure To State A Cause of Action)

82.     The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, because Plaintiff has failed to state facts sufficient to constitute a cause of action against this answering defendant.

### NINTH AFFIRMATIVE DEFENSE
**(Proportionate Liability of Others)**

83.     Plaintiff's damages, if any, are due to the acts or omissions of persons or entities other than Louis Berger; however, in the event a finding is made that liability exists on the part of Louis Berger, Louis Berger's liability should be reduced in direct proportion to their respective fault of the persons or entities other than Louis Berger.

### TENTH AFFIRMATIVE DEFENSE
**(Intervening/Superseding Cause)**

84.     The incidents alleged in the complaint, and the damages Plaintiff allegedly sustained by Plaintiff as a result thereof, were caused by an intervening and/or superseding cause, not caused by Louis Berger.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Assumption of the Risk)**

85.     The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, based on the doctrine of assumption of the risk.

### TWELFTH AFFIRMATIVE DEFENSE
**(Lack of Control)**

86.     The incidents and damages alleged in the complaint, if occasioned by fault, are attributable to the conduct of persons or entities over which Louis Berger had no control at any time relevant hereto.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Release)**

87.     Plaintiff is barred from recovering damages, if any, from Louis Berger based on Plaintiff's release or waiver of all claims

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

88. The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, based on the applicable statutes of limitations including, but not limited to, District of Columbia Code § § 12-301(4) and 12-301(8).

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

89. The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, based on the lack of privity between Plaintiff and Louis Berger.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Offset)

90. Plaintiff's damages, if any, should be barred or reduced based on those amounts Plaintiff has received to date for the injuries and damages Plaintiff has alleged in Plaintiff's complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (State-of-the-Art)

91. The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, because the conduct of Louis Berger at and before the time of the incidents alleged, was consistent with the state-of-the-art.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Government Contractors Defense)

92. The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, because Louis Berger is immune from liability for any design defects based on the fact that the incidents alleged occurred during the performance of a procurement contract with the federal government.

### NINETEENTH AFFIRMATIVE DEFENSE
(Act of War / Terrorism)

93.     The complaint and each and every cause of action alleged in the complaint are barred, in whole or in part, since the incidents alleged and damages sustained, if any, were caused solely by an act of war and/or an act of terrorism.

### TWENTIETH AFFIRMATIVE DEFENSE
(*Forum Non Conveniens*)

94.     Venue is improper in the District of Columbia under the doctrine of *forum non conveniens*.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
(Special Employer Defense)

95.     Plaintiff's complaint and each cause of action therein is barred because Plaintiff's exclusive remedy is that provided by relevant workers' compensation laws, and in accordance with the "special employment" or "borrowed servant" doctrine.

### RULE 44.1 NOTICE

96.     Pursuant to Rule 44.1 of the Federal Rules of Civil Procedure, Louis Berger hereby gives notice that it intends to raise issues concerning the law of a foreign country in this matter, including any applicable limitation of damages which may be contained therein.

WHEREFORE, defendant Louis Berger respectfully requests that Plaintiff take nothing by this action against Louis Berger, that the action against Louis Berger be dismissed with prejudice and that the Court grant to Louis Berger costs and other relief as it deems just and proper.

        Respectfully submitted,

        **ECKERT SEAMANS CHERIN
          & MELLOTT, LLC**

        _____*/s/ Thomas J. Whalen*_____
        Thomas Whalen, Esq. (D.C. Bar #208512)
        Mark Johnston, Esq. (D.C. Bar #455764)
        1747 Pennsylvania Ave., N.W.
        Suite 1200
        Washington, DC 20006-4604
        (202) 659-6600
        Fax: (202) 659-6699
        twhalen@eckertseamans.com
        mjohnston@eckertseamans.com

        <u>Of counsel</u>:

        Frank A. Silane
        (Pro Hac Vice to be filed)
        Jennifer J. Johnston
        (Pro Hac Vice to be filed)
        Christopher B. Queally
        (Pro Hac Vice to be filed)
        CONDON & FORSYTH LLP
        1901 Avenue of the Stars, Suite 850
        Los Angeles, CA 90067

        Attorneys for Defendants
        LOUIS BERGER GROUP, INC. and
        THE LOUIS BERGER GROUP, INC.

Dated: June 20, 2008

**CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a copy of the foregoing **Answer and Affirmative Defenses of The Louis Berger Group,** was electronically filed and served on Paul Douglas Burke this 20th day of June, 2008, via Federal Express delivery to:

> Paul Douglas Burke
> Via Carlo Emilio Gadda, 95
> 00143 Rome
> Italy
> 0039 32 84710110

                                                         /s/ *Thomas J. Whalen*
                                                           Thomas J. Whalen